**CIVIL MINUTES – GENERAL**               **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-08129-CAS(Ex) | Date | December 14, 2017 |
| Title | OMAR SEGURA V. SAM PRIYAMAL DE SYLVA ET AL. | | |

Present: The Honorable      CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS) — MOTION TO DISMISS (Dkt. 8, filed November 15, 2017); ORDER TO SHOW CAUSE

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; CD. Cal. L.R. 7–15. Accordingly, the hearing date of December 18, 2017 is vacated, and the matter is hereby taken under submission.

## I.      INTRODUCTION

On July 22, 2015, plaintiff Omar Segura ("plaintiff") filed this action in the Los Angeles County Superior Court against defendants Sam Priyamal De Sylva ("De Sylva"), the City of Pasadena, and Does 1–50, inclusive. Case No. 2:15-cv-08302, dkt. 1-1 ("Compl."). Plaintiff's complaint asserted eight claims against defendants: claims one and two for violation of Cal. Civ. Code § 51.7 (the "Ralph Act"); claim three for violation of Cal. Civ. Code § 52.1 (the "Bane Act"); claim four for false arrest by a peace officer; claim five for malicious prosecution; claim six for abuse of process; claim seven for assault; and claim eight for battery. Id. On October 23, 2015, De Sylva removed the action to federal court. Id., dkt. 1. On February 3, 2016, this Court found that the case had been improperly removed and remanded sua sponte for lack of subject matter jurisdiction. Id., dkt. 23.

On November 7, 2017, De Sylva filed a successive notice of removal, indicating that the Court has federal question jurisdiction because plaintiff filed a First Amended Complaint ("FAC") alleging a new claim pursuant to 42 U.S.C. § 1983 based on an alleged Fourth Amendment violation. Dkt. 1. On November 15, 2017, De Sylva filed the instant motion to dismiss plaintiff's third claim for violation of the Bane Act on res judicata grounds pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 8 ("Mot."). No opposition has been filed by plaintiff. Having carefully considered the motion, the notice of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-08129-CAS(Ex) | Date | December 14, 2017 |
|---|---|---|---|
| Title | OMAR SEGURA V. SAM PRIYAMAL DE SYLVA ET AL. | | |

removal, and all other documents filed in support thereof, the Court finds and concludes as follows.

## II.     BACKGROUND

### A.     Factual Allegations

Plaintiff alleges that on January 2, 2015, he was selling security systems door-to-door in Santa Clarita, California, and knocked on the front door of De Sylva's residence. Dkt 1-1 ("FAC") ¶¶ 6–7.  De Sylva answered the door and told plaintiff that he was not interested in purchasing anything.  Id. ¶ 7.  As plaintiff began to walk away, De Sylva stated that he would call the police if plaintiff did not leave the neighborhood.  Id. ¶ 8. After plaintiff informed De Sylva that he had a permit to sell the products, De Sylva instructed him to return to De Sylva's property to present the permit.  Id. ¶ 9.  When plaintiff show him the permit, De Sylva snatched it out of plaintiff's hands, retreated into the house, and attempted to shut the door behind him.  Id. ¶ 10.  Plaintiff then placed his hand on the outside portion of the door to prevent it from closing and demanded that De Sylva return the permit.  Id. ¶ 11.  De Sylva brandished what appeared to be a service pistol, pointed it at plaintiff's face, and threatened to shoot plaintiff if plaintiff did not get on the floor.  Id.  Plaintiff complied and dropped to the floor.  Id.  De Sylva called the Los Angeles County Sheriff's Department, identified himself as a police officer for the City of Pasadena, and fabricated a story to the effect that plaintiff attempted to burglarize De Sylva's home.  Id. ¶ 12.  Plaintiff was subsequently arrested, held in custody for approximately 22 hours, and forced to post $50,000 bail, although no charges against plaintiff were ever filed.  Id. ¶ 13.  Plaintiff alleges that De Sylva's actions were committed "under color of law" in the course and scope of his employment with the City of Pasadena.  Id. ¶ 14.

### B.     Procedural History

Following this Court's February 3, 2016 order remanding the action to the superior court, the parties proceeded to discovery.  On March 3, 2017, De Sylva filed a motion for summary adjudication of issues related to three claims including the alleged Bane Act violation.  Mot. at 3.  The Bane Act provides a civil remedy for persons whose exercise of constitutional rights has been interfered with by "by threats, intimidation, or coercion." Cal. Civ. Code § 52.1.  In his original complaint, plaintiff alleged that De Sylva violated the Bane Act by interfering with his "right to free speech and to solicit customers door to door."  Compl. ¶ 32.  De Sylva argued that this claim failed as a matter of law because

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-08129-CAS(Ex) | Date | December 14, 2017 |
| Title | OMAR SEGURA V. SAM PRIYAMAL DE SYLVA ET AL. | | |

freedom of speech can only be violated by a government actor and he was acting as a private citizen.  See Mot., Ex. B at 7.

On September 27, 2017, the superior court held a hearing and adopted its tentative ruling granting the motion in part and denying it in part.  Mot., Ex. A.  As relevant here, De Sylva's motion for summary adjudication was granted as to the third claim for violation of the Bane Act.  Id.  The tentative order adopted the court's reasoning from a prior September 13, 2017 order granting the City's motion for summary adjudication.  Id., Ex. B at 7–8.  In that related motion, the City had argued that plaintiff's Bane Act claim failed "because De Sylva was acting as a private citizen and the asserted right can only be violated by a government actor."  Id., Ex. C at 6.  In the prior order, the court made findings of fact and determined that the City had "met its initial burden [to] demonstrate that De Sylva acted in his private capacity [] and not as a government actor."  Id., Ex. C at 15.  The court reasoned that this negated an element of the Bane Act claim, i.e., the alleged violation of plaintiff's "constitutional right to free speech and to solicit customers door-to-door."  Id.  The court found that plaintiff had not met his burden to present evidence demonstrating a triable issue of fact on this issue, and accordingly granted summary adjudication on the Bane Act claim.  Id.

On October 11, 2017, the superior court granted plaintiff's motion for leave to file an amended complaint.  Mot. at 3.  The FAC added a claim under § 1983, alleging that De Sylva, acting under color of law, deprived plaintiff of his constitutional rights by arresting him without probable cause and using excessive force in violation of the Fourth Amendment.  FAC ¶ 84.  The FAC also added the alleged Fourth Amendment violation as a predicate under the Bane Act claim.  See id. ¶ 32–34.

## III.   DISCUSSION

Defendant De Sylva now moves to dismiss plaintiff's third claim for violation of the Bane Act on the ground that it is barred by the doctrine of res judicata.[1]  Mot. at 5–8. The full faith and credit statute, 28 U.S.C. § 1738, generally requires federal courts to give state court rulings the same preclusive effect that they would be given by another court of that state.  Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009).  The Court therefore looks to California law to determine the preclusive effect of the state court

---

[1] The defense of claim preclusion may be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6) where the defense does not involve any disputed issues of fact.  See Scott v. Kuhlmann, 746 F.2d 1377 (9th Cir. 1984).

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:17-cv-08129-CAS(Ex) | Date | December 14, 2017 |
| Title | OMAR SEGURA V. SAM PRIYAMAL DE SYLVA ET AL. | | |

decisions in this case. As explained in further detail below, the superior court's summary adjudication order on the Bane Act claim does not have claim preclusive effect because no final judgment has been entered nor is it clear that the two claims involve the same primary right. However, issue preclusion may apply under these circumstances. Because the superior court has determined that De Sylva was acting in his private capacity and not as a government actor during the events in question, the Court finds it appropriate to issue an order to show cause as to why plaintiff's §1983 claim should not been dismissed because De Sylva was not "acting under color of state law."

### A.    Claim Preclusion

Claim preclusion, also called res judicata, "prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them." Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896 (2002). Claim preclusion has three requirements under California law: (1) the second lawsuit must involve the same "cause of action" as the first lawsuit; (2) the first lawsuit must have resulted in a final judgment on the merits; and (3) the party to be precluded must have been a party, or in privity with a party, to the first lawsuit. San Diego Police Officers' Ass'n v. Sand Diego City Emples. Ret. Sys., 568 F.3d 725, 734 (9th Cir. 2008). California law defines a "cause of action" for purposes of res judicata by employing a "primary rights" theory. Maldonado v. Harris, 370 F.3d 945, 952 (9th Cir. 2004). Under the primary rights theory, "a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." City of Martinez v. Texaco Trading & Transp., Inc., 353 F.3d 758, 762 (9th Cir. 2003) (citing Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n, 60 Cal. App. 4th 1053, 1065 (1998)).

Here, De Sylva argues that the superior court's September 27, 2017 order granting his motion for summary adjudication on the Bane Act claim should be given claim preclusive effect. Although De Sylva invokes the doctrine of claim preclusion, he does not apply the foregoing test. Rather, De Sylva relies on California Code of Civil Procedure § 437c(n)(1) and Lucido v. Superior Court, 51 Cal.3d 335 (1990), a seminal case on issue preclusion, discussed below. See Mot. at 5–8. The Code of Civil Procedure section cited by De Sylva provides:

> If a motion for summary adjudication is granted, at the trial of the action, the
> cause or causes of action within the action, affirmative defense or defenses,

| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** | |
| Case No. | 2:17-cv-08129-CAS(Ex) | Date | December 14, 2017 | |
| Title | OMAR SEGURA V. SAM PRIYAMAL DE SYLVA ET AL. | | | |

claim for damages, or issue or issues of duty as to the motion that has been granted shall be deemed to be established and the action shall proceed as to the cause or causes of action, affirmative defense or defenses, claim for damages, or issue or issues of duty remaining.

Cal. Code. Civ. Proc. § 437c(n)(1). De Sylva argues that by continuing to litigate his Bane Act claim here, "plaintiff is attempting to have the entire issue retried, contrary to California law." Mot. at 6. However, De Sylva does not explain how this procedural rule governing summary adjudication in the California courts operates as res judicata in this proceeding.

De Sylva also fails to demonstrate that res judicata applies to bar plaintiff's Bane Act claim. First, there is no indication that a final judgment has been entered in the state court action. The partial grant of a motion for summary adjudication is an interlocutory order, see Jacobs-Zorne v. Superior Court, 46 Cal. App. 4th 1064, 1070 (1996), and the Code of Civil Procedure specifically provides that "a final judgment shall not be entered on a motion for summary judgment before the termination of the action." Cal. Code. Civ. Proc. § 437c(k). Second, De Sylva has not demonstrated that the original complaint's Bane Act claim based on a First Amendment predicate violation constitutes the same "cause of action" for res judicata purposes as the newly alleged Bane Act claim based on Fourth Amendment unlawful arrest and excessive force predicate violations. Accordingly, the Court finds that the superior court's summary adjudication order has no claim preclusive effect in this action.

## B.    Issue Preclusion

Although the superior court's summary adjudication of the original complaint's Bane Act claim is not res judicata, the court's finding of no state action may have issue preclusive effect in this case. In Lucido, the California Supreme Court explained that the doctrine of issue preclusion "precludes relitigation of issues argued and decided in prior proceedings," when six elements are met. 51 Cal.3d 335, 341. These elements are: (1) "the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding"; (2) the issue to be precluded "must have been actually litigated in the former proceeding"; (3) the issue to be precluded "must have been necessarily decided in the former proceeding"; (4) "the decision in the former proceeding must be final and on the merits"; (5) "the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding"; and (6) application of issue preclusion must be consistent with the public policies of "preservation of the

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-08129-CAS(Ex) | Date | December 14, 2017 |
| Title | OMAR SEGURA V. SAM PRIYAMAL DE SYLVA ET AL. | | |

integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation." Id. at 341–43.

First, the superior court determined that De Sylva acted in his private capacity and not as a government actor during the events in question. Finding no triable issue of fact on this state action issue, the Court granted both the City's and De Sylva's motions for summary adjudication on the Bane Act claim. See Mot., Ex. A, Ex. B at 7–8, Ex. C at 6, 15. In order to state a claim under § 1983, a plaintiff must establish "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The issues of state action and whether an officer acts "under color of state law" are identical. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 929 (1982) ("[I]t is clear that in a § 1983 action brought against a state official, the statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical."). Accordingly, it appears that the first element of issue preclusion is satisfied here.

With respect to the second and third elements, this issue was actually litigated and necessarily decided when the superior court granted the motions for summary adjudication on the Bane Act claim for lack of state action. The court cited evidence presented by parties and explained its reasoning in the September 13, 2017 order. See Mot., Ex. C. The fourth element appears to be satisfied because although no final judgment was issued, the court's granting of the motions for summary adjudication on the state action issue constitute a final decision on the merits. See Border Bus. Park, Inc. v. City of San Diego, 142 Cal.App.4th 1538, 1564 (2006) ("[F]or purposes of issue preclusion, as opposed to res judicata, final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect."); see also Sec. People, Inc. v. Medeco Sec. Locks, Inc., 59 F.Supp.2d 1040, 1045 (N.D. Cal. 1999), aff'd, 243 F.3d 555 (Fed. Cir. 2000) (finding that for purposes of collateral estoppel, "[a] disposition by summary judgment is a decision on the merits, and it is as final and conclusive as a judgment after trial."). The fifth element is satisfied because the same parties are litigating the issue in both proceedings. Finally, the judicial economy would be promoted by avoiding relitigation of this dispositive issue.

If the superior court's state action decision has issue preclusive effect in this proceeding, it appears that plaintiff cannot establish De Sylva was acting "under color of state law" and accordingly does not have a viable § 1983 claim. This newly alleged federal claim is the only basis for De Sylva's successive removal, and the Court would

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:17-cv-08129-CAS(Ex) | Date | December 14, 2017 |
|---|---|---|---|
| Title | OMAR SEGURA V. SAM PRIYAMAL DE SYLVA ET AL. | | |

decline to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, the Court will issue an order to show cause to both parties as to why plaintiff's § 1983 claim should not be dismissed and the action remanded based on the issue preclusive effect of the superior court's summary adjudication orders.

## IV.    CONCLUSION

In accordance with the foregoing, De Sylva's motion to dismiss plaintiff's third claim for violation of the Bane Act is **DENIED**.

Plaintiff and De Sylva are ordered to show cause as to why plaintiff's § 1983 claim should not be dismissed and the action remanded to state court. The parties are directed to submit responses to this Order not to exceed ten pages in length on or before December 22, 2017.

**IT IS SO ORDERED**.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |