# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL    'O' JS-6

| Case No. | 2:17-cv-08129-CAS(Ex) | Date | January 10, 2018 |
|---|---|---|---|
| Title | OMAR SEGURA V. SAM PRIYAMAL DE SYLVA ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not Present                               Not Present

**Proceedings:**    (IN CHAMBERS) — ORDER DISSMISSING PLAINTIFF'S SECTION 1983 AND BANE ACT CLAIMS AND REMANDING CASE

On July 22, 2015, plaintiff Omar Segura ("plaintiff") filed this action in the Los Angeles County Superior Court against defendants Sam Priyamal De Sylva ("De Sylva"), the City of Pasadena, and Does 1–50, inclusive.  Case No. 2:15-cv-08302, Dkt. 1-1.  Plaintiff's complaint asserted eight claims against defendants: claims one and two for violation of Cal. Civ. Code § 51.7 (the "Ralph Act"); claim three for violation of Cal. Civ. Code § 52.1 (the "Bane Act") based on an alleged violation of the First Amendment; claim four for false arrest by a peace officer; claim five for malicious prosecution; claim six for abuse of process; claim seven for assault; and claim eight for battery.  Id.  In brief, plaintiff alleges that when he was selling products door-to-door in Santa Clarita, California on January 2, 2015, he was involved in an altercation with De Sylva, an off-duty Pasadena police officer, during which De Sylva pointed his service weapon at plaintiff, ordered him to get on the ground, and subsequently identified himself as a police officer to the Los Angeles County Sheriff's Department.  Id.  On October 23, 2015, De Sylva removed the action to federal court.  Dkt. 1.  On February 3, 2016, this Court found that the case had been improperly removed and remanded sua sponte for lack of subject matter jurisdiction.  Dkt. 23.

Following remand, the parties proceeded to discovery.  On March 3, 2017, De Sylva filed a motion for summary adjudication of several issues, including "whether defendant was operating under the color of state law at the time of the incident."  Case No. 2:17-cv-08129, Dkt. 8-2.  On September 27, 2017, the superior court granted De Sylva's motion for summary adjudication on the Bane Act claim, finding that defendants had satisfied their initial burden of demonstrating that De Sylva acted in his private capacity and not as a government actor and that plaintiff had not met his burden of

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL     'O' JS-6

| Case No. | 2:17-cv-08129-CAS(Ex) | Date | January 10, 2018 |
|----------|------------------------|------|------------------|
| Title | OMAR SEGURA V. SAM PRIYAMAL DE SYLVA ET AL. | | |

presenting evidence demonstrating a triable issue of fact on this issue. See Dkt. 8-1, 8-2, 8-3. On October 12, 2017, plaintiff filed a First Amended Complaint ("FAC"), which added a claim under 18 U.S.C. § 1983, alleging that De Sylva, acting under color of law, deprived plaintiff of his constitutional rights by arresting him without probable cause and using excessive force in violation of the Fourth Amendment. The FAC also added the alleged Fourth Amendment violation as a predicate under the Bane Act claim. Dkt. 1-1 ("FAC").

On November 7, 2017, De Sylva filed a successive notice of removal, indicating that the Court has federal question jurisdiction based on plaintiff's newly alleged § 1983 claim. Dkt. 1. On November 15, 2017, De Sylva filed a motion to dismiss plaintiff's Bane Act claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 8. De Sylva argued that the superior court's summary adjudication in his favor should be given claim preclusive effect. Id. On December 14, 2017, the Court denied defendant's motion to dismiss, concluding that claim preclusion does not apply because no final judgment has been entered in the state court action. Dkt. 9. However, the Court indicated that the superior court's finding of no state action would have issue preclusive effect in this case and defeat plaintiff's § 1983 claim because (1) the issues of state action and whether an officer acts "under color of state law" for purposes of § 1983 are identical; (2) this issue was actually litigated and necessarily decided by the superior court when it summarily adjudicated the Bane Act claim in De Sylva's favor; (3) the grant of De Sylva's motion for summary adjudication on this issue constitutes a final decision on the merits; (4) the parties are the same in both proceedings; and (5) judicial economy would be promoted by avoiding relitigation of this dispositive issue. See Lucido v. Superior Court, 51 Cal.3d 335, 341–43 (1990). Accordingly, the Court issued an Order to Show Cause ("OSC") as to why plaintiff's § 1983 claim should not be dismissed and the action remanded to state court. Dkt. 9. See Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir. 1993) (res judicata may be raised sua sponte if all parties are given an opportunity to examine and the contest application of issue preclusion).

On December 21 and 22, 2017, De Sylva and plaintiff filed their respective responses to the OSC. Dkts. 10, 11. Neither party addresses issue preclusion. Rather, De Sylva merely asserts that "as long as [the § 1983] claim stands there is federal question jurisdiction." Dkt. 10. De Sylva further argues that the Court has jurisdiction over the Bane Act claim because it necessarily depends on the outcome of the alleged First and Fourth Amendment violations. Id. Plaintiff argues that the § 1983 claim should not be dismissed because De Sylva was acting under color of law, but takes no position on remand. Dkt. 11. Based on these responses, it is apparent that plaintiff seeks to

CIVIL MINUTES – GENERAL          'O'  JS-6

| Case No. | 2:17-cv-08129-CAS(Ex) | Date | January 10, 2018 |
| Title | OMAR SEGURA V. SAM PRIYAMAL DE SYLVA ET AL. | | |

relitigate the issue.  De Sylva, on the other hand, has adopted inconsistent positions.  In state court, he successfully argued that he was not acting under color of law and was granted summary adjudication on this basis.  After removing the action, he then moved to dismiss plaintiff's Bane Act claim on res judicata grounds—even though the superior court's ruling also necessarily defeats plaintiff's § 1983 claim, which was the sole basis for removal.  Now, paradoxically, defendant maintains the Court has jurisdiction based on the Bane Act.  The Court agrees there is federal question jurisdiction based on the Bane Act claim because it "necessarily depends" on the resolution of predicate First and Fourth Amendment violations.  See Warren v. Mgmt. & Training Corp., Case No. 16–849, 2016 U.S. Dist. LEXIS 103656, at *11 (E.D. Cal. Aug. 5, 2016).  However, the predicate constitutional violations also require state action, and the superior court has already determined this issue in defendant's favor.

For the reasons set forth above and in further detail in the OSC, the Court concludes that the superior court's finding that De Sylva was not acting under color of law has issue preclusive effect.  This state action requirement is an element of plaintiff's Bane Act and § 1983 claims.  Accordingly, the Court **DISMISSES** plaintiff's third claim for violation of the Bane Act and eleventh claim for violation of 42 U.S.C. § 1983, declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(4), and **REMANDS** the action to the superior court.

**IT IS SO ORDERED**.

|  | 00 | : | 00 |
| Initials of Preparer | | CMJ | |